This case this morning is 5-16-0308, and it's again the matter of Earlin, First City, Fairview Heights Security Personnel. Your Honor, may I please report? This case deals with monies owed by motorists who are charged with certain crimes within the city of Fairview Heights. This ordinance was enacted for impoundment of vehicles after a person was charged with one of these offenses. In this particular case, the plaintiff was charged with a DUI. Her car was impounded, and there was at that time a $400 fine to get the car out of the impound lot. This fee was from the city to obtain a receipt from the city to take to the impound lot to get the car and then pay the fees and the fines that were imposed. You said it's a fine. Is it a fine or a fee? That's a big argument. Well, that's the question here. We believe that it is a fee. The ordinance itself is set up more like a fee. All of the paragraphs in the beginning of the ordinance, if you look at the ordinance that was cited in the appellee's brief, all of them are listed as deterrents. Let's call it deterrents. The whereas paragraphs state that the city of Fairview Heights is spending considerable time impounding vehicles, that they are attempting to recover the costs and time and effort of police department personnel in dealing with the impoundment of the vehicles, and that they are trying to protect the citizens. And because the police officers are impounding these vehicles and incurring more costs in the impoundment of these vehicles, a fee or fine needs to be charged. It's interesting to note that in this statute that goes on, it's pages A1 through, I believe, 10 of the appellee's brief. The only time it is listed as a penalty is in the section, for instance, page A5, where the penalty of $400 for fees for towing and storage is towards the bottom of paragraph 9, subparagraph 9. However, if you turn to page A6 of the brief, paragraph 12 in parentheses states that these fees established by this section are to be paid by the registered owner of the vehicle. They even identify in this section that they are fees. The only place is that it's a penalty in that paragraph 9, page A5, for a penalty of $400 fee. Going back to the beginning of the statute, the claims that this is a penalty is incorrect if you read this in totality. They call it a fee. I mean, a fine. But it is a fee because these are established to reduce the money that the police departments are supposedly out of for dealing with the impoundment of vehicles for criminal charges. I believe in this case, the trial court failed to or completely disregarded this court's opinion in Carter versus the city of Alton, which was decided less than two years ago. That court determined that when interpreting a municipal ordinance, the courts have to look at the intent of the municipality as shown by the plain and ordinary language contained in the ordinance. In this ordinance, the plain and ordinary language is just like every other ordinance that was dealt with in the Carter case, which were four different municipalities, as well as there's another case in St. Clair County also that's against the city of O'Fallon where that summary judgment motion was denied by Judge Gleeson. Judge Lopinel here, though, I believe disregarded the guidance given to us by Carter as well as McGrath. He cites his order. If you read his order, it is basically paragraph one is their first motion for summary judgment is denied. Paragraph two states that the second motion for summary judgment is granted. McGrath is different. It's definitely distinguishable. They did not do any analysis of whether or not it was just labeled a penalty, which is what we believe in this case. They labeled it a penalty to try to get away from any problems that might be associated if the city is charging a $500 or $400 fee. But every part of the language in the ordinance is that it's a fee. I don't know of any criminal or a fine type statute that states that the purpose of that is to recoup money. The purpose is a deterrent. And that's what all of the cases cited between McGrath, Sloper, Jodin, Towers, I.D. Jackson. All of those cases were dealt with in depth by the Carter court decision as well as we, of course, addressed those in our brief. All of those dealt with a fine, and the purpose in those different ordinances was a deterrent. That if people knew that their car was going to be towed, if they committed a crime and they have to pay a $500 fee to the city to go and then pay the thousands of dollars to the tow company to obtain their car back, that's a deterrent in either loaning your car to somebody, as several of these cases dealt with, as well as you committing a crime in your car itself. McGrath also didn't deal with substantial – it dealt with procedural due process. The claimant there indicated that her due process rights were violated because there was no notice that her car would be impounded if she were arrested for one of the violations that they indicated. The court in McGrath indicated that she did not say – this was her fifth amendment complaint that went up to the Court of Appeals – that she didn't allege whether or not her car was impounded before or after the signs were put up, because at the time that the argument was made in the appellate court, there were signs stating that if you violate – basically, if you violate these sections of the Camp Kiki staff ordinance, your car is subject to impoundment. So they stated she had enough standing to allege the due process violation because they didn't know when that actually occurred and when the signs were actually put up. Her second argument was unlawful use of police power to produce revenue. And in this analysis, the court determined that fees and fines serve different purposes. Fees serve – I'm sorry, fines serve a purpose of deterrent, whereas fees serve a purpose of recoupment. Again, that takes us back to the most important part of this case, is that the language of the statute – I'm sorry, ordinance – all indicates that it's a fee. It is to recoup because they take time away. They even state in the second-to-last wherefore – where is paragraph on page A2? It states that it is appropriate to attempt to recover the cost of the time and effort of the police department personnel in dealing with the impoundment and release of vehicles. This plain and ordinary language indicates that this is a fee, not a fine or a penalty. Again, the only indication in this statute whatsoever or this ordinance whatsoever is one line that states that driving a vehicle while intoxicated has a negative effect on neighborhoods. That, I guess, could make you think this is a penalty. However, the rest of the language states that it's a recoupment of fees argument. There's also no evidence from the trial court's decision to prove that the claim has no merit. It's just a one-sentence order stating C. McGrath. We don't know whether the trial court based its granting of the summary judgment on the due process argument or whether he granted it based on the unlawful use of police power to produce revenue. Without any direction as to what this order basically means and why the summary judgment was granted on an unlawful basis, I don't think that this case can stand on the summary judgment. I think that there needs to be more involved in this. We know from the Carter decision that there are monies that are paid to municipalities when a DUI is either – there's a conviction on it or a negotiated plea of some sort. And there's grant money available. There's DUI assessment fees that every municipality gets from the state when there is a resolution to sign a dismissal of the DUI. None of these factors were considered in this statute. The statute – I'm sorry, this ordinance is based only on recouping the fees of the city. However, there was no – to our knowledge, because discovery had not yet been completed when the trial court granted the motion for summary judgment, there's been no surveys done, no studies done as to what the actual costs are from the city of Fairview Heights to write this total lease receipt for the individual then to go get his car from the impound lot. And because of that, like in Carter, we need to know what this information is. Now, first and foremost, if the court determines that this is a fine or a penalty, then the argument is most likely done. However, I think the clear reading of this ordinance is that it isn't a fine. It's a fee. It is a fee to recoup the city's money that they say they've expended by the police officers being out there to have the car impounded when the individual is arrested for DUI. There's many other charges. If there's a weapon in the vehicle driving while suspended, but this particular plaintiff, Mr. Irvine, was charged with a DUI. So I'm using DUI as an example, even though there's several other instances that a car can be towed. And these are the fees, as I call it, that the city is trying to recoup. Secondly, with respect to that, discovery was not completed. Now, I know that we don't have all of the information. There were interrogatories and requests to produce that were completed by the city. I'm not even sure whether the plaintiff, since I'm not the trial court attorney, not even sure whether the plaintiff completed the interrogatories and requests to produce. No depositions were taken. The officer's deposition was not taken to determine what amount of time per DUI and driving while revoked is incurred by that individual officer, knowing what the costs are that they're going to need to recoup. Based just on what we have before us, if the court determines that this is, in fact, a fee and not a fine, the only cost we know that the city incurs by this fee is to write a receipt to the individual so that individual can take that receipt down to the tow yard and get his vehicle. In this case, was the defendant charged with DUI ordinance or DUI statute? Ordinance. I thought Madison County, they weren't doing that. This is in secret. Oh, yeah, right. Okay, that's right. Your Honor, I could be wrong. It's an ordinance, but again, my office did not represent her in her DUI charge, and I honestly don't know whether it was an ordinance violation or a statute violation. So the ordinance applies to either? Correct. If the individual is charged with, and this one would be on page A3, I believe. Yes, page A3, paragraph B, subsection 3, commission of the offense of driving under the influence, and that's where they state that the last sentence of that, the owner of the record of the vehicle shall be liable to the city for a penalty of $400. That's where we get the word penalty. That's the only time that in this particular statute, under each of these misdemeanors that are listed, that it is listed as a penalty. It's also kind of, the ordinance in and of itself is a little strange because it does go back and forth between whether it's a fee, whether it's to recoup the cost of officer time and the city, or whether it's a penalty as listed. But there are several different types of fees. For instance, in paragraph 5, it states that a motor vehicle used in the commission of a misdemeanor shall be subject to seizure and impoundment, and it's a $150 fee. Well, a DUI is a misdemeanor, so which fee is appropriate? Is it because they specifically list out DUIs that that's a $400 fee? Couldn't there be the argument that under subsection 5, any misdemeanor should be $150? This ordinance is not clear and unambiguous as the Carter Court determined that it needs to be in order for the plain and ordinary language contained in the ordinance to prevail. It's clear that besides the fact that it states that there's a penalty of $400, $450, everything listed in here is a fee. Finally, as this Court knows, granting a motion for summary judgment is based on all of the evidence, depositions, transcripts, affidavits, things like that. The only thing completed in this case was some discovery responses to interrogatories. This case was filed in December of 2011. After that, when the Carter case and all of the Madison County cases went up on appeal, there was a voluntary order entered by both sides to stay this particular case pending the outcome of this Court in the Carter decision. Once that decision took several months for the case to get back on the docket, there was never a CMC as required by statute in this case. The case was set for the motion for summary judgment, and the trial court made it clear that they were going forward on a summary judgment motion at that particular time. So, no, the completion of discovery, they were never given the opportunity at this stage to complete the discovery. And for all of these reasons, as well as the reasons set forth in our brief, we request that the Court overturn the motion for summary judgment and return the case back to St. Clair County. Thank you. Thank you. Counsel? I have a question. Does this apply if you're found not guilty? No, Your Honor.  It's a penalty. In fact, the ordinance and the fine of $1,500 for felony city of Fairview Heights. Yeah, in other words, there's double. You get two fines. You could get two fines, but under Illinois law, in fact, the Municipal Code, Section 121, allows civil penalties in addition to criminal penalties. That statute, so all municipalities, including non-homehold municipalities, can impose civil penalties in addition to criminal penalties. So you could have a situation like you do here where somebody could be charged a criminal penalty or fine for violating DUI statute and then also be charged a civil penalty. And courts in Illinois have ruled that there's no double jeopardy concerns. That's a civil penalty. It's quasi-criminal in nature, but it doesn't offend any double jeopardy concerns, and it's specifically authorized under statute. And that's what this is. Could they also take the car? I'd say it was burglary. A robbery where they used the car to get away. No, under the statute, under the ordinance, if it's determined that the car was stolen, the fine is not... No, not stolen, but their car. Well, if you're not... Defendant's car. I'm sorry? Defendant's car. If it's the defendant's car and it was being used by somebody they gave the car to, then the fine could be imposed. If they're using the car to commit these criminal offenses, then the fine could be imposed. And what I'm saying is can you also take the car? If they fail, just as if they fail to pay the towing fees. No, no. I thought you could forfeit your car if it's used for the commission of a crime. That's not in this ordinance. I'm not talking about you. I'm talking about the statute. It's... I don't know if you could forfeit the car or not. Well, let's assume you could if it was used to ram the front of the building and get the ATM machine. I don't know what effect it would have on the fee fine analysis. I'm not sure I follow, Your Honor. If the car can be forfeited under another statute, then perhaps it could be forfeited. But the city of Fairview Heights did not impose any forfeiture. I know that. I was just asking. Yeah. I'm sorry, Your Honor. I'm not familiar with the forfeiture statute as it may apply. If I could address some of Appellant's arguments. First off, all of the... this imposes a fine, Appellant, and it's not even close. There is no authority, no basis for finding this as a fee. The plaintiff attempts to point to the whereas paragraphs in the ordinance, but you don't look at the whereas paragraphs in the ordinance when interpreting legislative intent. That's a legislative history. You look at the plain language of the statute. We don't go beyond that. But even if you did, it pretty much clearly says we're trying to prevent the commission of these crimes. We're trying to prevent... It's not a crime, though. It's quasi-criminal. Well, we're trying to prevent these offenses from being committed in our municipality. Basically, all of these, and you have cases, Towers, Jodin, a long line of cases that find that these have a deterrent, serve as deterrents, and are fines and penalties, including the McGrath case. Well, my question, I still have the one basic question. What happens if he's found not guilty of cheating? The fine, if you paid the fine, is refunded to you, or if you have not paid the fine, you are not required to pay the fine. Is that in the statute? That's in the ordinance, yes, Your Honor. So there's considerations built in that this is only charged based on... I mean, it's punitive in nature. It's only charged if you use your car or allow your car to be used in the commission of certain criminal offenses. That's it. It couldn't get any more punitive than that. And if I could go through... Plaintiff didn't go through the analysis and the factors that determine whether something's a fee or a fine. Glossed over that and just pointed to the whereas paragraphs. Sorry, didn't gloss over it, didn't address it, just went to the whereas paragraphs in the statute. But all of those factors, no case in favor of it being a fine. It's punitive in nature. You cannot deny that. It's not payable to any specific fund. And most importantly, as the Ohio Supreme Court states, it's not compensation for prosecuting of the criminal offense. In no way, shape, or form is it compensation for prosecuting the defendant. This is not a jury fee. It's not a filing fee. It's not a records automation fee. It's not a courthouse fee. It has absolutely nothing to do with the prosecution. This is a fee, or this is a fine, that is charged when somebody uses their car to commit offense or allows their car to be used. Okay, I'm going to go back to my original question. So usually you have a trial. You probably have a trial on you, but you might. It'd be about two years down the road. Do you get your money back if you're found not guilty? Would you say yes? Yes. Do you get interest on that money then too? I don't know. I don't believe the ordinance has interest built into it. But I know Clance, in this case, was not found. I believe he was found guilty. So the issue didn't occur in this particular case. But that's another point, is that there's due process. There's judicial review of these decisions as well, if the fine is imposed. You don't have judicial review of these. You don't have due process when you're getting imposed fees on you. That doesn't happen. This is a fine through and through. In all the cases, McGrath stands for the proposition that these type of ordinances impose fines. And that's what the circuit court rule said, that McGrath states it's a fine, as well as Jobin, Towers, Sloper, and a host of other cases. And it is indeed a fine. And as counsel admitted, basically, once you call a fine, the case is over. Because the test then becomes whether it's grossly disproportionate to the offense. And by law, it cannot be grossly disproportionate. Because the municipal code even allows municipalities, non-homeless municipalities, to go up to $750. Civil penalties up to $750. So at $150 and $400, they're well within that. I'd just like to address some of the points also raised by the plaintiff. The Carter case is in no way, shape, or form relevant to this case. First off, the only ruling in Carter was that the case should go back for additional discovery. But that was when everybody came to this court and said, whatever the charges in those particular ordinances was, we agree to their fees. Well, we're not agreeing to their fees. And the court in Carter never analyzed whether they were fees or fines. They basically just said, OK, this is the issue you're presenting. What do we do with fees? What's the rational basis test for fees? And that was it. And that happens from time to time. The Jones case, the Elmwood Supreme Court case, which is cited in Carter, that happened. And the Elmwood Supreme Court recognized that precedent that doesn't address whether it's a fee or a fine can't be used to argue one way or another. So the Carter case didn't address the issue. So it's irrelevant. In fact, the Carter case specifically states, however, none of the defendants has argued that the ordinances impose a fee or serve a punitive purpose. Well, that's exactly what we're arguing here. That issue was never addressed in Carter. So studies and discovery and all these things, it's irrelevant to this case. The case is whether it's punitive, whether it's payables to a specific fund, whether there's compensation for prosecuting the defendant. None of those factors militate in favor of the plaintiff. The plaintiff's argument here is that since there's a compensatory part to a fine, that it's a fee. Well, every fine compensates the governmental entity in some way, shape, or form. They get money back for that fine. If every fine were a fee just because it generated revenue, there'd be no fines. That's the plaintiff's sole argument here is that, well, because there's some compensatory nature here of a fine, it's a fee. Well, that just cannot be the case. With regard to the appellant's brief, it's stated in there that these fees are charged. The $400 fee is charged and must be paid before the individual can obtain their vehicle and is independent of whether or not they are proven guilty of the original charge. And further, it goes on to say effectively a person cannot retrieve their vehicle from impound until the $400 total release fee, the actual towing fee in the impound fee, are all paid. Is that patently false? Well, I can't say patently false. You can request an administrative hearing. You can have a hearing, and there would be a determination at that time under the ordinance, or would have been under that ordinance, a determination of whether there was probable cause to believe that the crime that the person, the operator of the vehicle was being charged with, actually committed. And based on that, the fine would be imposed. So it's not automatically imposed. And I believe in this case, the plaintiff did not seek administrative hearing. And then you can also seek judicial review of that administrative hearing. It goes back to my point. You don't have administrative hearings and judicial review of fees. This is a fine. You would never, ever have administrative review and judicial review of a fee. So, yes, if they bypass that process and say, just give me my car back, it won't be given back until the fine is paid. But they have that built in, due process built in, where there would be an administrative hearing. So the distinction between what you've said and what they say in the brief, saying that the fee must be paid or they can obtain the vehicle, and it is independent of whether or not they are proven guilty of the original charge, the distinction you're making is that if they later are found innocent, they would have a reimbursement of that fee, a $400 fee. Yeah, that is a, correct me if I'm wrong, that's an additional layer of where they would be refunded the fine. And so there's, I mean, you can see that this process is not built in for fees anywhere in Illinois law. I couldn't come up with a situation wherever you would get judicial review, administrative hearings, due process for fees. And I'd like to address the discovery point. This is a facial challenge based solely on the plain language of the ordinance. Notice, and whether it's determined whether it's a fee or fine, there's no amount of discovery that could have changed the circuit court's decision or assisted this court in making that determination. It's solely based on plain language. Whether that's the case or not, we took discovery in this case. Plaintiff didn't say, he didn't raise that issue in the circuit court. And I've known, you know, I've litigated many cases in St. Clair County, and the judges always give litigants the opportunity to conduct discovery. I've never seen a situation where they have prevented somebody from taking additional discovery. In fact, in this case, plaintiff requested to take issue supplemental second set of interrogatories, and that was granted. Were they ever answered? Yes, they were answered. The objection that, hey, I don't have enough discovery or I need to take additional discovery was never raised at the oral argument in a brief. The issue is waived, but it's really a red herring because there's nothing, no discovery can change the fee-fine analysis based on the plain language of the statute. And it can't change the fact that it's not grossly disproportionate to the offenses set forth in the ordinance. Do you know how many cases that put a limit on this application? I mean, what's reason, is it reasonableness, or what is, say, why don't they have an $800? Well, it's not a reasonable standard in this case. For fees. It's not a fee. It's not a fee. Sorry, you heard the penalty, so. No, there is only the rule for you to determine, the courts to determine whether something is grossly, whether a fine or penalty is grossly disproportionate to the offense. If we came in here and we charged $10,000, I'm pretty sure you would say that's grossly disproportionate to the offense. But a fine of less than $750 is authorized specifically under the municipal code. So my argument would be that you can never be grossly disproportionate by doing something you're authorized by the Illinois legislature to do. And this is not only $750, we're talking about $150. So you say the limit's $750? I'm saying that once you get past that, I would say that it's up for, you know, simply the courts to determine. And obviously the courts can determine whether this is grossly disproportionate, whether or not the municipal code statute existed. But when you have a long-standing provision in the municipal code that says municipalities can impose civil penalties up to $750, I don't think there's any argument that anything below that, $750 or below, would be. But there's no cases so far. No cases. Well, I shouldn't say that. The Sloper, which is a Chicago case, they imposed a fine of $2,000. The plaintiff in that case argued that, hey, this is more than the cost of my car. And the court, the public court in that case said it's still not grossly disproportionate to the offense. And that's a $2,000 fine. But I would say, you know, that's getting out there in my opinion. But when you're talking about the municipal code and the 121 and the $750 cap for even non-homeown municipalities, I don't think you, you know, if you're authorized to do it under the municipal code, I don't think it can be considered excessive. Is there any provision for lien holders? Yes. There is a notice of provision for lien holders or was in the ordinance. Tell me what it is. I can't remember. That they have to be notified of the ability to have the administration. So then the lien holder has to pay the $400 to get the car. If he's, you know, the guy goes in and gets a car and he's got one payment on it, goes DUI, it's $400 bucks in its, you know, fee. And then the car's worth about six. I believe the lien holder does have to pay, did have to pay under that. I have to pay the lien holder. I have to pay the penalty. Yes, I believe so. There's no other cap. Yeah. The only thing is stolen cars where you don't have to. Stolen cars you would not have to. Just with regard to the $400 fee or fine penalty, however we want to look at it for the time being, with regard to that, how many other penalties are you, fines are you, do you pay and get something in return for? So in other words, in this case, you pay your $400 fine and you get a receipt that then entitles you to go get your car out of impoundment. Whereas if you're charged, you know, $100 for speeding, you pay your fine. You don't get anything in return. You don't need anything in return. Seems like this has got something to do with the receipt of that receipt in order to go and get your car out of impoundment later. Justice Barbera, I would argue that it's just a mechanism for ensuring that the fine is paid. You know, municipalities tow vehicles. This happens, an incident to arrest all the time. And when they do that, they use that to ensure that the fine is paid. You know, I understand, you know, some people probably don't like this fine. And I don't think anybody likes fines. I admit that. I get a speeding. If I got a speeding ticket, I wouldn't like the fine. But there's several ways you can, you know, avoid being imposed with this fine. Don't violate the law. Don't let your car out. Somebody who's going to violate the law. Lobby the municipality or vote like everyone did yesterday. So, you know, the wisdom of the ordinance is, you know, a political question and one for the municipality. But that's the mechanism that they chose, I believe, to ensure they get their fine paid. Overall, I'll end by saying, if you look at the factors, and the Illinois case law is clear, you look at the attributes of the charge. If you look at the attributes of the charge. And I'll also point out, after reviewing, I think I reviewed every case on fee, fine. I've reviewed legislative history. I'm pretty sure that local lawmakers don't know the difference between a fee and a fine when stating what one is. The Illinois legislature does not get it right. In fact, in the legislative history, on many of the statutes I looked at, a senator recalled a fee in one sentence and a fine in the next sentence. So we really have to look at the attributes. And I believe that if this court looks at the attributes of a fine, they'll see that this is clearly a fine. There's no basis for it being determined as a fee. And if it's a fine, then it's constitutional. Thank you. Thank you, counsel. Reba? Thank you. First of all, with respect to the argument that I skimmed over, I didn't even address the issues involved with respect to why they believe it's a fine. Punitive in nature. A fee is also punitive in nature. If you're charged a fee, you have to pay that. That's punitive because that's money that comes out of the pocket. Saying it's punitive in nature is not distinguishing this between a fee or a fine. As the court in both Carter as well as McGrath, and as the trial court only based its decision on C. McGrath, that was the only indication that we had besides granted is C. McGrath, McGrath stated that you have to look at the totality of the ordinance, that it is the plain and ordinary language contained in the ordinance. And I believe the quote is, and I could be wrong on here, an exact quote, when interpreting a municipal ordinance, courts look at the intent of the municipality as shown by the plain and ordinary language contained in the ordinance. A penalty is not imposed to recoup a city or a state or a government money that they might be out for arresting an individual. A fee is used to recoup. A fine is used to penalize someone. That's what the circuit court does when the person is charged with the DUI and goes to court and is either there's a clean negotiation and they pay a fine or there's a guilty finding and they also pay a fine. The only way they get out of paying their penalties for that DUI is by a not guilty verdict or dismissal by the state's attorney's office on that fine. I challenge counsel to find in this ordinance where it says that if you are found not guilty or the case is dismissed against the individual that they get reimbursed for their fine. I read the statute when I wrote a brief while he was up here talking. I reviewed it again. I see nothing in here that specifically states that if you are found not guilty, you will be reimbursed with $400. Additionally, there are two ways that you are not subject to this ordinance. One is if the car is stolen. The other is if you are driving a common carrier vehicle, which includes a cab, a bus, something like that, and that is only if it's without the knowledge of the owner. So, again, there's a question in that. With respect to the second argument that there's no specific fund that the money goes to, that in and of itself doesn't make it a fee or a fine. If a fine can be labeled into a specific fund, then a fee is usually into the general fund unless they put a specific fund for the fees of a certain municipal ordinance violation or what you might have to pay, for instance, for a yard. If your yard, you have to pay a fee if your yard is not picked up, something like that. And that it's not compensation for prosecuting a criminal case. That argument is irrelevant. The compensation for the criminal case is paid for by what happens in the criminal court. This is compensation for the officer's time. And that's clear in the language of the statute that states that because the officer spent time with the vehicle either before or after the individual is taken into custody, that money needs to be recouped by the city. Recoupment is a fee. If we want to look at definitions, I don't know where we could find a definition that a fine is to recoup money incurred by an officer of government, anything like that. Not looking at the whereas paragraphs, as I've labeled them, since there are no paragraph numbers, is not looking at the totality of the ordinance. If we just look at one sentence of the ordinance, we can interpret this in any way we want. We can say, yes, it's a penalty because that line there says it's a penalty. But when the rest of the ordinance states a purpose of a fee, like the other ordinances that have been dealt with in all of these cases, I think that's a little narrow-sighted to say it's a penalty because we want to say it's a penalty. Counsel? Mm-hmm. Opposing counsel mentioned that, or stated that, the discovery issue was not requested at the trial court level. What's your response to that? Well, unfortunately, I was not there. My husband is the trial counsel, so I only know what happened after or at that court appearance. The trial court made it clear under no uncertain terms that they were going forward on a summary of judgment motion. I do not believe, I don't know for sure, whether Mr. Polinsky asked for a continuance, asked for more discovery. He did file additional discovery requests. However, no depositions had been taken, and when they got to court, it was told this was the second setting on that motion for summary judgment, and the judge said we're going forward. There's also other indications, which aren't in the record, of discussions had between counsel and the judge prior to that as to if it was going forward and it would be dismissed. Thank you. The case will be taken under advisement, and the court will come out in due course.